**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEVIA G.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 15703** |
| **v.** | ) | |
| | ) | **Magistrate Judge Gabriel A. Fuentes** |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**[2]

Before the Court is Plaintiff Devia G.'s motion (D.E. 16) and brief (D.E. 17, "Brief") in support of reversing and remanding the Commissioner's decision denying her application for disability benefits, which is now fully briefed. *See* Defendant's Memorandum in Opposition (D.E. 20, "Opp."), and Plaintiff's Reply (D.E. 21, "Reply").

## I. Procedural History

Plaintiff applied for disability benefits on August 23, 2022, alleging a disability onset date of the same date. (R. 81.) After a hearing, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's application on December 16, 2024, finding Plaintiff was not disabled from her alleged onset date through the date of the opinion. (R. 82.)[3]

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] On February 18, 2026, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 10.)

[3] The Appeals Council denied further administrative review (R. 1-6), making the ALJ's decision the final decision of the Commissioner. *Lincoln v. Bisignano*, 173 F.4th 886, 891 (7th Cir. 2026).

## II. The ALJ Decision

The ALJ applied the Social Security regulations' five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ determined that Plaintiff did not engage in substantial gainful activity since his alleged onset date of August 23, 2022. (R. 83.) At Step Two, the ALJ found Plaintiff had the following severe impairments: left spine degenerative joint disease and degenerative disc disease, osteoarthritis of the left knee, obesity, depression, and anxiety. (R. 84.) At Step Three, the ALJ determined that Plaintiff's impairments alone or in combination did not meet or medically equal any Listing. (*Id.*) The ALJ found that Plaintiff had moderate limitation in the areas of understanding, remembering, or applying information and concentration, persistence, or maintaining pace ("CPP"); mild limitation in the area of interacting with others; and no limitation in the area of adapting or managing oneself. (R. 86-87.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform light work except:

> no climbing ladders, ropes, or scaffolds; no unprotected heights or hazardous machinery; frequent climbing stairs and ramps; frequent stooping, kneeling, crouching, and crawling; retains the capacity to understand, remember, concentrate, persist, and perform simple routine task and instructions with the ability to follow simple uninvolved oral written or diagrammed instructions in a low stress environment defined as having simple work related decisions and routine changes in the work setting; could attend for 2 hours at a time and then would need a 15 minute break which could be accommodated by routine breaks and lunch.

(R. 87-88.) At Step Four, the ALJ found Plaintiff was unable to perform any past relevant work. (R. 94.) At Step Five, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy. (R. 95-96.) Thus, the ALJ concluded Plaintiff was not disabled under the Social Security Act from August 23, 2022, through the date of the opinion. (R. 96.)

## III. Legal Standard

The Court "will reverse an ALJ's decision only if it is the result of an error of law or it is not supported by substantial evidence, which is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Yokosh v. Bisignano*, 170 F.4th 631, 637 (7th Cir. 2026) (internal citations and quotations omitted). "In making these determinations, an ALJ is subject to only the most minimal of articulation requirements... Our role is extremely limited, and we do not reweigh evidence, make credibility determinations, or substitute our judgment for the ALJ's determination." *Cain v. Bisignano*, 148 F.4th 490, 496-97 (7th Cir. 2025) (internal quotations omitted). An "ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Lincoln v. Bisignano*, 173 F.4th 886, 892 (7th Cir. 2026) (internal citations and quotations omitted). The Seventh Circuit has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement as ALJs: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## IV. Analysis

In support of her argument for remand, Plaintiff argues that the ALJ: failed to adequately consider a July 16, 2024, physical Functional Capacity Evaluation ("FCE"), assigned a mental RFC that was not supported by substantial evidence, and improperly evaluated Plaintiff's symptoms. (Brief at 4-14.) For the reasons that follow, the Court finds that the ALJ's findings as to Plaintiff's mental and physical impairments were supported by substantial evidence.

### A. The ALJ's Assessment of the FCE and Plaintiff's Physical RFC Was Supported By Substantial Evidence.

After performing a one-time examination, a physical therapist filled out the FCE, opining that due to decreased lumbar range of motion and limitations due to pain, Plaintiff could occasionally walk, climb stairs, and stand, and she could sit constantly in order to perform sedentary work. (R. 601-02.) The ALJ found the FCE "unpersuasive" because it "was based on a

single examination and the examiner does not have a treating relationship with the claimant and was not able to review the medical evidence of record." (R. 94.) The ALJ found that although the FCE was "supported by some objective findings" in the examination, these were "largely based on the claimant's reporting of pain as a limiting factor," and the "opinion is not consistent with the claimant's limited treatment and examinations that often demonstrated unremarkable findings." (*Id*.) Plaintiff argues that "the ALJ's characterization of examination findings as unremarkable was both selective and speculative." (Brief at 5.) The Court disagrees.

The ALJ's analysis of the FCE was supported by substantial evidence and adequately explained "'the most important factors' the Agency should consider ... 'supportability ... and consistency.'" *Liapis v. Bisignano*, 180 F.4th 946, 951 (7th Cir. 2026), quoting 20 C.F.R. § 404.1520c(b)(2). In finding the FCE inconsistent with the other medical evidence of record, the ALJ provided a detailed review of the medical evidence, and then determined that despite Plaintiff's "complaints of back and knee pain throughout the relevant period, ... her examinations have often been unremarkable ... and she often demonstrated a normal gait and generally demonstrated normal strength, sensation, and reflexes." (R. 93.) The FCE itself stated that its findings "should be taken and assessed in conjunction with [Plaintiff's] medical orthopedic and neurologic findings" (R. 599), and the ALJ did just that. The ALJ noted that medical imaging documented some spinal degeneration, but found that despite Plaintiff's complaints of back and leg pain, physical exams in late 2022 and the first half of 2023 "showed unremarkable findings, including a normal gait." (R. 89, citing R. 453, 458, 487-497, 502-507, 519-526.) The ALJ recognized that from June 27, 2023, through July 30, 2024, Plaintiff received periodic steroid injections in her lower back or knee, which sometimes reduced Plaintiff's pain significantly, and noted that even when Plaintiff reported having pain, her physical exams showed "normal findings,"

including normal gait, range of motion, and muscle strength, or at most, "a slow gait, but otherwise normal findings." (R. 90-91, citing R. 516, 629-31, 672-78, 707, 718-20, 757, 906-09, 1062-65, 1185-92, 1194-99.) The ALJ reviewed similar findings at the August 28, 2023, state agency internal medicine consultative exam, which "showed full lower extremity strength, intact sensation, a normal and non-antalgic gait, normal reflexes, normal range of motion of the lumbar spine, ... hips, knees, and ankles." (R. 90, citing R. 559-62.)[4]

The ALJ also addressed the supportability of the FCE, recognizing that the FCE was "supported by some objective findings" from the examination but discounting some of the supportability because the findings were "largely based on the claimant's reporting of pain as a limiting factor." (R. 94.) Plaintiff argues that the ALJ was wrong to discount the supportability of the FCE on these grounds (Brief at 6), but ALJs may discount medical opinions that are based on a claimant's subjective complaints. *Cain*, 148 F.4th at 497; *see also Lincoln v. Bisignano*, 173 F.4th 886, 894 (7th Cir. 2026) (holding that there was no error in the ALJ reasoning that nurse's opinion was "not fully supported after observing the opinion seemed to be based solely on the claimant's complaints"). Moreover, "[i]t is enough for an ALJ to summarize the findings of a non-treating source's opinion and note that those findings are not corroborated by objective evidence in the record." *Pufahl v. Bisignano*, 142 F.4th 446, 457 (7th Cir. 2025).

Here, the ALJ discounted Plaintiff's underlying subjective complaints because in addition to finding them inconsistent with the medical evidence as discussed above, the ALJ found that Plaintiff's treatment with "medication, two limited courses of physical therapy, and several injections" was "fairly conservative," and noted, as explained above, that Plaintiff showed

[4] Contrary to Plaintiff's suggestion (Reply at 1), "ALJs are not required to formally tie evidence" to every conclusion they make, *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 625 (7th Cir. 2025), because "we review the ALJ's discussion of the evidence holistically" and "view[] the decision in its entirety." *Lincoln*, 173 F.4th at 893.

improvement in her pain symptoms after receiving steroid injections. (R. 93.) In addition, the ALJ noted that Plaintiff "did not follow up on a referral to a neurosurgeon and her last pain management appointment was in July 2024." (*Id.*) "We will overturn the ALJ's evaluation of a claimant's subjective symptoms only if it is patently wrong, which means that the decision lacks any explanation or support." *Pufahl*, 142 F.4th at 458, internal quotations omitted. The Court finds that, contrary to Plaintiff's claims (Brief at 13-14), the ALJ adequately explained the decision to discount Plaintiff's credibility with the aforementioned "specific reasons supported by the record." *Id*.

Moreover, the ALJ did not err in discounting the FCE because it was based on a one-time exam. Contrary to Plaintiff's claims (Brief at 5-6), the ALJ's treatment of the FCE was consistent with the ALJ's treatment of state agency opinions. As with the FCE, the ALJ discounted the internal medicine consultative examiner's opinion because the examiner only examined Plaintiff "on one occasion but does not have a treating relationship with the claimant and was not able to review all the medical evidence of record." (R. 93.) Likewise, the ALJ found the state agency reviewing physician's opinion that Plaintiff could perform medium work only "partially persuasive" because they "did not have opportunity to examine the claimant or review the additional medical evidence received at the hearing level." (R. 93-94, citing R. 73.) Ultimately, "based on the record as a whole, including the claimant's imaging, treatment history, and examination findings," the ALJ assessed additional physical limitations in the RFC. (*Id.*) This fact, that the ALJ's "RFC determination was more restrictive than what any state agency physician recommended," further "demonstrat[es] the ALJ's careful deliberation." *Padua v. Bisignano*, 145 F.4th 784, 792 (7th Cir. 2025). The Court thus finds the ALJ did not err in evaluating the FCE, and the physical RFC of a reduced range of light work was supported by substantial evidence.

### B. The ALJ's Assessment of Plaintiff's Mental Impairments Was Supported By Substantial Evidence.

Plaintiff also argues that the ALJ's assessment of her mental RFC was not supported by substantial evidence. In the RFC, the ALJ assessed Plaintiff with "the capacity to understand, remember, concentrate, persist, and perform simple routine task and instructions with the ability to follow simple[,] uninvolved oral[,] written[,] or diagrammed instructions in a low stress environment defined as having simple work related decisions and routine changes in the work setting" and "could attend for 2 hours at a time." (R. 87-88.) First, Plaintiff argues that this RFC did not adequately account for her moderate limitations in CPP. In this argument, Plaintiff oversimplifies the RFC, describing it as "a limitation to simple instruction or work" that "fails to account for idiosyncratic limitations that moderate limitations in concentration, persistence and pace may produce." (Brief at 10.) But in actuality, like the mental RFC that the Seventh Circuit recently upheld as adequate to account for a claimant's moderate limitations in CPP in *Pufahl*, the ALJ here "expressly ... included a further limitation beyond simple and routine tasks." *Pufahl*, 142 F.4th at 460. In *Pufahl*, the ALJ limited the claimant "to only being able to 'maintain attention and concentration for two-hour segments.'" *Id*. Here, the ALJ went beyond a limitation to simple and routine tasks to specify that Plaintiff could only maintain attention for two hours at a time, which adequately accounts for moderate limitations in CPP.[5]

Second, Plaintiff contends that the ALJ erred by failing to account for the "check-box" section of the state agency reviewing psychological consultant's opinion that specified Plaintiff would have moderate limitations in "completing a normal workday and workweek without

[5] Plaintiff points out that her friend's third-party questionnaire indicated "difficulty completing tasks," and that the state agency psychological consultative examination documented that she had some trouble focusing (Brief at 10-11), but Plaintiff does not explain if or how this evidence undermined the mental RFC assigned or the ALJ's determination that she had moderate limitations in CPP.

interruptions from psychologically based symptoms and performing work at a consistent pace without an unreasonable number and length of rest periods." (Brief at 11-12, citing R. 74-75.) Plaintiff "misunderstands the ALJ's analysis;" an RFC limitation "to performing simple, routine, and repetitive tasks," along with the limitation to maintaining attention for only two hours at a time, "is consistent with the moderate limitations noted by [the consultative examiner's] checkbox responses." *Cain*, 148 F.4th at 498-99. Plaintiff's arguments thus fail to undermine the substantial evidence with which the ALJ supported the RFC.

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's brief in support of reversing and remanding the ALJ's decision (D.E. 16, 17) and grants Defendant's memorandum in support of affirming the decision (D.E. 20).

**SO ORDERED.**

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: September 29, 2026**